IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DIANE STARK                                                              PLAINTIFF

V.                                          CIVIL ACTION NO. 2:13cv31-KS-MTP

UNIVERSITY OF SOUTHERN MISSISSIPPI,
JEFF HAMMOND, INDIVIDUALLY AND OFFICIALLY,
DR. MARTHA SAUNDERS, INDIVIDUALLY AND OFFICIALLY;
BOARD OF TRUSTEES OF STATE INSTITUTIONS OF
HIGHER LEARNING                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiff Diane Stark's Motion for Relief Pursuant to FRCP Rule 56(d) [56] and Motion for Relief Pursuant to *FRCP* Rule 56(d) and Local Rule 16 [74]. The former motion pertains to Defendant Jeff Hammond's Motion to Dismiss and Motion for Summary Judgment [52], while the latter motion pertains to Defendant Dr. Martha Saunders' Motion to Dismiss [62]. Plaintiff argues that she should be allowed to conduct discovery prior to responding to either of Defendants' dispositive motions. Having considered the parties' submissions, the record and the applicable law, the Court finds that the Motion for Relief Pursuant to FRCP Rule 56(d) [56] should be granted and the Motion for Relief Pursuant to *FRCP* Rule 56(d) and Local Rule 16 [74] should be denied. In addition, Defendant Hammond's Motion to Dismiss and Motion for Summary Judgment [52] will be denied without prejudice.

## I. BACKGROUND

Plaintiff asserts numerous federal and state law claims relating to her former employment with the University of Southern Mississippi ("USM") as the Senior Associate Athletics Director for Internal Affairs. Plaintiff reported directly to the Director

of Athletics at USM through this position.  Plaintiff claims that her employment at USM was terminated in June of 2012.

On November 7, 2012, Plaintiff filed suit against USM, Jeff Hammond and Dr. Martha Saunders in the Circuit Court of Forrest County, Mississippi.  (*See* Compl. [1-2 at ECF p. 4].)  The Complaint asserts the following claims for relief under state law: intentional infliction of emotional distress; negligent infliction of emotional distress; breach of implied contract; constructive discharge; outrage; negligence; menace; promissory estoppel; equitable estoppel; and detrimental reliance.  Most, if not all, of these claims arise out of the allegation that Defendant Hammond used his position in the Athletics Department "to threaten, intrude upon, frighten, attempt to extract funds from, act outrageously, intimidate, insult, disrespect, yell at, confront, and threaten violence towards Plaintiff."  (Compl. [1-2 at ECF p. 5].)  It is alleged, *inter alia*, that Defendant Hammond made the workplace intolerable, that USM and Defendant Saunders (as USM's President) ratified Defendant Hammond's conduct, that USM breached a contractual obligation to compensate the Plaintiff through June of 2012, and that the Plaintiff was wrongfully terminated as a result of reporting Defendant Hammond's misconduct.

On February 6, 2013, Plaintiff filed an amended pleading in the state court, adding federal claims under Title VII, the Equal Pay Act, and the Lilly Ledbetter Fair Pay Act.  (*See* Am. Compl. [5 at ECF p. 74].)  These federal claims center upon alleged gender discrimination.

On February 15, 2013, Defendant Hammond removed the proceeding to this Court.  (*See* Notice of Removal [1].)  Subject matter jurisdiction is asserted under Title

28 U.S.C. § 1331 based on the federal claims alleged in Plaintiff's amended state court pleading. On February 18, 2013, USM and Dr. Saunders joined in and consented to the removal. (*See* Doc. No. [3].) All of the Defendants subsequently answered Plaintiff's Complaint, and a Case Management Order [12] was entered on May 15, 2013.

On July 10, 2013, Plaintiff filed her Amended Complaint [38] in this Court, adding the Board of Trustees of State Institutions of Higher Learning as a Defendant. The Amended Complaint also includes a cause of action under 42 U.S.C. § 1983 for alleged deprivations of Plaintiff's Equal Protection and Due Process rights, as well as her rights guaranteed by the First Amendment of the United States Constitution. (*See* Am. Compl. [38] at ¶ 7.)

On August 9, 2013, Defendant Hammond, in his individual capacity, filed his Motion to Dismiss and Motion for Summary Judgment [52]. In certain instances, Defendant Hammond makes arguments under Federal Rule of Civil Procedure 12(b)(6) and asserts that the Complaint fails to state a claim upon which relief can be granted. In other instances, Defendant Hammond relies on Federal Rule of Civil Procedure 56 and argues that the Plaintiff lacks sufficient proof to avoid dismissal. On August 16, 2013, Plaintiff filed her Motion for Relief Pursuant to FRCP Rule 56(d) [56], contending that Defendant Hammond's request for summary judgment is premature, and that significant discovery needs to be completed before she can file an appropriate response to his motion. By agreement of the parties, an Order [70] has been entered staying the time for Plaintiff's response to Defendant Hammond's dispositive motion pending the Court's ruling on the Motion for Relief Pursuant to FRCP Rule 56(d) [56].

On August 26, 2013, Defendant Saunders filed her Motion to Dismiss [62]

pursuant to Rule 12(b)(6). Defendant Saunders seeks the dismissal of all claims asserted against her in her individual capacity under 42 U.S.C. § 1983 through this motion. On September 20, 2013, Plaintiff filed her Motion for Relief Pursuant to *FRCP* Rule 56(d) and Local Rule 16 [74], which largely incorporates by reference her request for relief pertaining to Defendant Hammond's dispositive motion. By agreement of the parties, an Order [77] has been entered staying the time for Plaintiff's response to Defendant Saunders' dispositive motion pending the Court's ruling on the Motion for Relief Pursuant to *FRCP* Rule 56(d) and Local Rule 16 [74].

## II.  DISCUSSION

### A.  Standard of Review

Federal Rule of Civil Procedure 56(d) provides as follows:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Rule 56 was amended in 2010, and the advisory committee notes to the amendments state that "[s]ubdivision (d) carries forward *without substantial change* the provisions of former subdivision (f)." Fed. R. Civ. P. 56(d) advisory committee's note (emphasis added). Thus, legal authorities applying former Rule 56(f) may be referenced in resolving the subject motions.

Rule 56(d) discovery motions are broadly favored and liberally granted. *See Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013)

(citing *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)).  The purpose of the Rule "'is to provide non-movants with a much needed tool to keep open the doors of discovery in order to adequately combat a summary judgment motion.'"  *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 963 (5th Cir. 2009) (quoting *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 918 (5th Cir. 1992)).  "Although a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course, the party seeking additional discovery must first demonstrate how that discovery will create a genuine issue of material fact".  *Id.* (citations and internal quotation marks omitted).  Vague assertions that discovery will reveal unspecified facts are insufficient.  *See Biles*, 714 F.3d at 894.  Instead, the party seeking a continuance is required to "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."  *Id.*  The submission of an affidavit or declaration in support of discovery by the party opposing summary judgment is preferred, but the failure to follow this technical requirement will not foreclose relief under Rule 56(d) if the party seeking a continuance submits "some equivalent statement, preferably in writing of its need for additional discovery . . . ."  *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266-67 (5th Cir. 1991) (citations and internal quotation marks omitted); *accord Wichita Falls Office Assocs.*, 978 F.2d at 919.  The decision to grant or deny a request for a continuance to conduct discovery is committed to the sound discretion of the trial court.  *See Saavedra v. Murphy Oil U.S.A., Inc.*, 930 F.2d 1104, 1107 (5th Cir. 1991) (citing *Walters v. City of Ocean Springs*, 626 F.2d 1317, 1321 (5th Cir. Unit A 1980)).

B.	Motion for Relief Pursuant to FRCP Rule 56(d) [56]

Plaintiff's motion, which the Court considers the substantive "equivalent" of a Rule 56(d) affidavit or declaration,[1] lists ten subject areas purportedly requiring additional discovery before the Plaintiff can adequately respond to Defendant Hammond's request for summary judgment.  Most of these subject areas relate to knowledge and information held by third parties regarding Defendant Hammond's actions at USM.  For example, Plaintiff asserts that numerous third party depositions need to be taken in order to verify her allegation that Defendant "Hammond was consistently violent in the work place." (Doc. No. [56] at ¶ 12.a.)  Also, Plaintiff contends that third parties need to be queried to determine Defendant Hammond's role in depriving her of benefits.  Plaintiff further posits that questions regarding Defendant's Hammond's state of mind permeate "the entire factual scenario" and that persons other than Defendant Hammond can provide information regarding his motive and intent as to his conduct toward the Plaintiff.  (Doc. No. [56] at ¶ 12.e.)  Plaintiff also points to the extensive discovery contemplated under the Case Management Order [12] and the attendant discovery deadline of February 17, 2014, in support of her contention that Defendant Hammond's summary judgment motion is premature.

In opposition to Plaintiff's motion, Defendant Hammond briefly references the fact that he has moved for dismissal under Rule 12(b)(6) and for summary judgment under Rule 56, and asserts that Rule 56 does not permit discovery for purposes of Plaintiff's response to his Rule 12(b)(6) motion.  The Court finds the intertwined and interrelated

---

[1] *See Int'l Shortstop, Inc.*, 939 F.2d at 1266-67; *Wichita Falls Office Assocs.*, 978 F.2d at 919.

nature of Defendant's bases for dismissal to militate against this argument.  Generally, a court is limited to examining the well-pleaded allegations of the complaint in considering dismissal under Rule 12(b)(6), whereas discovery materials and affidavits may be considered in ruling on summary judgment.  *See Dykes v. Sears, Roebuck & Co.*, No. 2:10cv119, 2011 WL 357633, at *2-3 (S.D. Miss. Feb. 1, 2011).  Defendant Hammond's Motion to Dismiss and Motion for Summary Judgment are combined within one document, (*see* Doc. No. [52]), and one memorandum brief is offered in support of this filing.  (*See* Doc. No. [53].)  The "facts" section of the supporting memorandum brief extensively relies on portions of Plaintiff and Defendant Hammond's deposition testimonies, transcripts of which are attached to the Motion [52] and constitute materials outside the pleadings.  Although Defendant Hammond makes the Rule 12(b)(6)-type argument that Plaintiff's Complaint fails to allege specific conduct giving rise to individual liability under 42 U.S.C. § 1983, he also makes the Rule 56-type argument that "Plaintiff cannot present any proof that" he engaged in conduct implicating § 1983 individual liability.  (Doc. No. [53] at p. 8.)  The Court also construes Defendant Hammond's assertion of qualified immunity as a request for summary judgment since he focuses on Plaintiff's deposition testimony, and contends that Plaintiff "has not alleged *or proven* that" he acted to deprive her of a protected right.  (Doc. No. [53] at p. 10) (emphasis added).  Qualified immunity arguments implicating Rule 56 typically cannot be addressed without discovery.[2]  There is nothing *per se* impermissible about a

---

[2] *See Watkins v Hawley*, No. 4:12cv54, 2013 WL 3357703, at *1 (S.D. Miss. July 3, 2013); *Salcido v. Univ. of S. Miss.*, No. 2:11cv173, 2013 WL 1837850, at *2 n.1 (S.D. Miss. May 1, 2013).

defendant seeking relief under Rules 12(b)(6) and 56 in one operative filing.  However, the preceding circumstances pertaining to Defendant Hammond's dispositive motion make it impracticable for the Plaintiff to respond only to his Rule 12(b)(6) dismissal request without the aid of discovery.

Defendant Hammond further argues that no additional discovery will alter the Court's analysis of Plaintiff's claim of intentional infliction of emotional distress ("IIED") or § 1983 claims.  This contention is incongruent with the absence of evidence and fact-based arguments presented by Defendant Hammond in support of dismissal of these claims.  As noted above, Defendant Hammond claims that "Plaintiff cannot present any proof" that he was involved in any conduct giving rise to § 1983 liability.  (Doc. No. [53] at p. 8.)  Defendant Hammond's request for dismissal of Plaintiff's IIED allegation due to the purported running of the statute of limitations cites to excerpts of Plaintiff's deposition testimony.  Also, Defendant Hammond posits that Plaintiff "has presented no evidence of outrageous, shocking, or extreme conduct" in support of her IIED claim.  (Doc. No. [53] at p. 13.)  Plaintiff's suggestion that persons other than herself or Defendant Hammond, such as former coworkers, likely have knowledge of facts bearing on these evidentiary concerns is not implausible.

Defendant Hammond also focuses on his defense of qualified immunity in opposition to Plaintiff's request for additional discovery.  Under a qualified immunity defense, government officials are protected "'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S.

800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)).  The purpose underlying the doctrine is to preclude "'distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service.'"  *Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987) (quoting *Harlow*, 457 U.S. at 816).  "To this end, qualified immunity serves to terminate a claim against a public official as soon as possible in a judicial proceeding, *even before discovery*."  *Hare v. City of Corinth, Miss.*, 135 F.3d 320, 325 (5th Cir. 1998) (emphasis added) (citing *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S. Ct. 1789, 114 L. Ed. 2d 277 (1991)).  "Generally, a court should allow discovery only if it finds that the officer's conduct violated a clearly established right." *Izen v. Catalina*, 256 F.3d 324, 330 (5th Cir. 2001) (citation omitted); *see also Moore v. Louisiana*, 210 F.3d 369, 2000 WL 294462, at *2 (5th Cir. Feb. 25, 2000) (providing that qualified immunity protects public officials from discovery unless the complaint asserts facts which, if true, would defeat the defense).

Notwithstanding his defense of qualified immunity, Defendant Hammond has engaged in significant discovery in this action.  The record reflects that Defendant Hammond has served two sets of interrogatories, three sets of requests for production of documents, and one set of requests for admission.  (*See* Doc. Nos. [7], [11], [33], [35].)  As noted above, Defendant Hammond has also taken the Plaintiff's deposition. (*See* Doc. No. [52-1].)  This Court is unaware of any opinion from the Supreme Court or Fifth Circuit prohibiting discovery pending a ruling on whether a complaint alleges a sufficient rights violation when a public official defendant has taken similar affirmative discovery measures.  On the other hand, the Fifth Circuit and this Court have permitted discovery to proceed in suits against governmental officials who, by their acts or

omissions, made the allowance of discovery appropriate.  *See Largent v. City of Dallas*, 44 F.3d 1004, 1995 WL 10516, at *4 (5th Cir. Jan. 3, 1995) (holding that a public official waived his ability "to limit the scope of his deposition to facts essential to his qualified immunity defense"); *Watkins*, 2013 WL 3357703, at *1-2 (denying defendants' request to stay discovery pending a ruling on their qualified immunity arguments given the fact-based nature of the arguments and defendants' participation in full discovery for approximately two months); *Craven v. Perry County*, No. 2:12cv99, 2012 WL 3582666, at *3 (S.D. Miss. Aug. 17, 2012) ("The Court finds that discovery specifically related to the defense of qualified immunity should be allowed at this time since both the Plaintiffs **and** Defendants seek to conduct such discovery.").  The Fifth Circuit has also recognized that qualified immunity "is 'a right to immunity *from certain claims*, not from litigation in general'".  *Alice L. ex rel. R.L. v. Dusek*, 492 F.3d 563, 565 (5th Cir. 2007) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 312, 116 S. Ct. 834, 133 L. Ed. 2d 773 (1996)).  In line with these authorities, the Court determines that Defendant Hammond's qualified immunity defense is no impediment to Plaintiff's request to conduct additional discovery given the existence of claims to which the defense is inapplicable and the discovery thus far conducted in this cause.

     Ultimately, the Court finds that the not so high bar for obtaining Rule 56(d) relief has been reached in this case.  This action is in a relatively early stage and only a small portion of the discovery contemplated by the parties, including Defendant Hammond, has been completed.[3]  The Hattiesburg, Western and Southern Divisions of this Court

---

[3] Defendant Hammond's initial disclosures identify twenty-seven (27) individuals, other than himself, likely to have knowledge of discoverable information.  (*See* Doc. No.

have granted requests to conduct discovery prior to the resolution of summary judgment motions when the motions were filed in the early stages of litigation and/or substantial time remained to conduct discovery.[4] Plaintiff's specified subject areas for discovery may not in the end give rise to facts precluding summary judgment in favor of Defendant Hammond. However, the Plaintiff has provided enough detail regarding her need for discovery for the Court to determine that requiring her to evidence facts in opposition to summary judgment at this time would be premature.[5] Rule 56 presupposes that a litigant opposing "summary judgment has had an adequate time for discovery of evidence of contradictory facts." *QBE Ins. Corp.*, 2009 WL 1844496, at *2.

Accordingly, Plaintiff's Rule 56(d) motion will be granted, and Defendant Hammond's Motion to Dismiss and Motion for Summary Judgment [52] will be denied without prejudice. Defendant Hammond may again seek summary judgment after the close of discovery or after he and the Plaintiff agree that sufficient discovery has been conducted to enable the Plaintiff to respond to a motion for summary judgment, whichever circumstance occurs first. In addition, Defendant Hammond may again seek

---

72-3.)

[4] *See Wesley Health Sys., LLC v. Forrest County Bd. of Supervisors*, No. 2:12cv59, 2013 WL 2244319, at *2 (S.D. Miss. May 21, 2013); *McCollum v. Jacobs Eng'g Group, Inc.*, No. 5:11cv177, 2012 WL 3811750, at *4 (S.D. Miss. Sept. 4, 2012); *QBE Ins. Corp. v. Legacy Condos. at Gulfport Home Owners Ass'n, Inc.*, No. 1:09cv128, 2009 WL 1844496, at *2 (S.D. Miss. June 23, 2009).

[5] Nothing said here should be read as the preapproval of any specific interrogatory, request for production, request for admission, or deposition falling under the purview of the ten subject areas Plaintiff identifies in her Rule 56(d) motion. Further, disputes over the scope of discovery are to be presented to the U.S. Magistrate in their ordinary course.

dismissal of any of Plaintiff's claims for failure to state a claim upon which relief can be granted at any time prior to the dispositive motion deadline, provided that he does not include materials with the motion that would necessitate it being treated as a request for summary judgment. *See* Fed. R. Civ. P. 12(d).

### C. Motion for Relief Pursuant to *FRCP* Rule 56(d) and Local Rule 16 [74]

This motion is not well taken. "Rule 56(d), upon which plaintiff relies, does not apply to a motion to dismiss under Rule 12(b)(6)." *Ambeau v. Jefferson Comprehensive Health Ctr. Inc.*, No. 3:13cv208, 2013 WL 4519703, at *1 (S.D. Miss. Aug. 26, 2013).[6] Unlike Defendant Hammond's dispositive motion, Defendant Saunders only requests relief under Rule 12(b)(6). Moreover, no evidentiary materials outside the pleadings are relied upon by Dr. Saunders in support of dismissal. Therefore, Plaintiff's request for a continuance of Dr. Saunders' Motion to Dismiss [62] so that she may conduct discovery will be denied.

### III. CONCLUSION

For the foregoing reasons:

IT IS ORDERED AND ADJUDGED that Plaintiff's Motion for Relief Pursuant to FRCP Rule 56(d) [56] is granted.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant Hammond's

---

[6] *See also Holland v. City of Jackson, Miss.*, No. 3:12cv472, 2013 WL 4039389, at *2 (S.D. Miss. Aug. 7, 2013) (finding that an application of Rule 12(b)(6) mooted a Rule 56(d) request for discovery); *Gardner v. Swedish Match N. Am., Inc.*, No. 2:04cv337, 2006 U.S. Dist. LEXIS 44680, at *8 (S.D. Miss. Apr. 17, 2006) ("The plaintiff is not entitled to Rule 56(f) discovery in the context of a motion to dismiss because the motion to dismiss is limited solely to testing the sufficiency of the allegations of the complaint while the summary judgment motion tests the actual merits of the case in determining whether a genuine issue of material fact is present.").

combined Motion to Dismiss and Motion for Summary Judgment [52] is denied without prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Motion for Relief Pursuant to *FRCP* Rule 56(d) and Local Rule 16 [74] is denied. Plaintiff shall file her response to Dr. Saunders' Motion to Dismiss within fourteen (14) days of the entry of this Order.

SO ORDERED AND ADJUDGED this the 8th day of October, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE