IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DIANE STARK**                                                                                          **PLAINTIFF**

**V.**                                                                  **CIVIL ACTION NO. 2:13cv31-KS-MTP**

**UNIVERSITY OF SOUTHERN MISSISSIPPI,**
**JEFF HAMMOND, INDIVIDUALLY AND OFFICIALLY,**
**DR. MARTHA SAUNDERS, INDIVIDUALLY AND OFFICIALLY;**
**BOARD OF TRUSTEES OF STATE INSTITUTIONS OF**
**HIGHER LEARNING**                                                                          **DEFENDANTS**

## OPINION AND ORDER

This matter is before the Court on the Defendant Dr. Martha Saunders' Motion for Stay of Discovery [104]; the Plaintiff Diane Stark's Motion to Strike Motion to Dismiss ("Motion to Strike") [112]; and the Plaintiff's Motion to Stay Response to Motion to Dismiss Until Order Rendered Regarding Motion to Strike ("Motion to Stay Response") [114].  Having considered the submissions of the parties, the record, and the applicable law, the Court finds that:

1)      Dr. Saunders' Motion for Stay of Discovery [104] should be denied;

2)      Plaintiff's Motion to Strike [112] should be denied; and

3)      Plaintiff's Motion to Stay Response [114] should be denied as moot.

## Background

Plaintiff asserts numerous federal and state law claims relating to her former employment with the University of Southern Mississippi ("USM") as the Senior Associate Athletics Director for Internal Affairs.  On November 7, 2012, Plaintiff filed suit

against USM, Jeff Hammond,[1] and Dr. Saunders[2] in the Circuit Court of Forrest County, Mississippi.  (*See* State Compl. [1-2 at ECF p. 4].)  The Complaint asserts the following claims for relief under state law:  intentional infliction of emotional distress; negligent infliction of emotional distress; breach of implied contract; constructive discharge; outrage; negligence; menace; promissory estoppel; equitable estoppel; and detrimental reliance.  It is alleged, *inter alia*, that Hammond made the workplace intolerable, that USM and Dr. Saunders ratified Hammond's conduct, that USM breached a contractual obligation to compensate the Plaintiff through June of 2012, and that the Plaintiff was wrongfully terminated as a result of reporting Hammond's misconduct.

On February 6, 2013, the Plaintiff filed an amended pleading in the state court, adding federal claims under Title VII, the Equal Pay Act, and the Lilly Ledbetter Fair Pay Act.  (*See* State Am. Compl. [5 at ECF p. 74].)  These federal claims center upon alleged gender discrimination.

On February 15, 2013, Hammond removed the proceeding to this Court.  (*See* Notice of Removal [1].)  Subject matter jurisdiction is asserted under Title 28 U.S.C. § 1331 based on the federal claims alleged in the Plaintiff's amended state court pleading.  On February 18, 2013, USM and Dr. Saunders joined in and consented to the removal. (*See* Doc. No. [3].)

On July 10, 2013, Plaintiff filed her Amended Complaint [38] in this Court, adding

---

[1] Hammond was USM's Interim Athletics Director at certain times relevant to the Plaintiff's employment.

[2] Dr. Saunders was the President of USM at certain times relevant to the Plaintiff's employment.

the Board of Trustees of State Institutions of Higher Learning as a Defendant.  The Amended Complaint also includes a cause of action under 42 U.S.C. § 1983 for alleged deprivations of Plaintiff's Equal Protection and Due Process rights, as well as her rights guaranteed by the First Amendment of the United States Constitution.  (*See* Am. Compl. [38] at ¶ 7.)

On August 26, 2013, Dr. Saunders filed her Motion to Dismiss [62] pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dr. Saunders sought the dismissal of all claims asserted against her in her individual capacity under 42 U.S.C. § 1983.  The Court subsequently granted the motion in part and denied it in part.  (*See* Mem. Op. & Order [131].)  The following of the Plaintiff's claims brought against Dr. Saunders in her individual capacity under § 1983 were dismissed without prejudice:  (i) First Amendment retaliation claim; (ii) Equal Protection unequal pay claim; (iii) Procedural Due Process claim based on the existence of an alleged oral contract; (iv) Procedural Due Process claim based on *McArn v. Allied Bruce-Terminix Co.*, 626 So. 2d 603 (Miss. 1993); and (v) Substantive Due Process claim.  Plaintiff's Procedural Due Process claim based on USM's employee handbook and Equal Protection failure to promote claim survived past the pleading stage.

On January 22, 2014, Dr. Saunders filed her Motion to Dismiss as to State Law Claims [100] pursuant to Rule 12(b)(6).  Dr. Saunders seeks the dismissal of all state law claims asserted against her in both her individual and official capacities.

On January 27, 2014, Dr. Saunders filed her Motion for Stay of Discovery [104]. Dr. Saunders asks that all discovery against her be stayed pending resolution of her Motion to Dismiss [62] and Motion to Dismiss as to State Law Claims [100].  The Motion

for Stay of Discovery [104] was filed prior to the Court's March 25, 2014 Order [131], addressing the Motion to Dismiss [62].

On February 14, 2014, Plaintiff filed her Motion to Strike [112]. This motion is aimed at Dr. Saunders' Motion to Dismiss as to State Law Claims [100].

On February 19, 2014, Plaintiff filed her Motion to Stay Response [114]. Plaintiff asks that her time to respond to Dr. Saunders' Motion to Dismiss as to State Law Claims [100] be stayed until the Court rules on the Motion to Strike [112].

### Dr. Saunders' Motion for Stay of Discovery [104]

Neither Dr. Saunders' Motion to Dismiss [62] nor Motion to Dismiss as to State Law Claims [100] necessitates a stay of discovery at this time. Dr. Saunders' request for the dismissal of Plaintiff's § 1983 claims was principally based on the defense of qualified immunity. This defense severely limits the availability of discovery since "qualified immunity serves to terminate a claim against a public official as soon as possible in a judicial proceeding, even before discovery." *Hare v. City of Corinth, Miss.*, 135 F.3d 320, 325 (5th Cir. 1998) (citing *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S. Ct. 1789, 114 L. Ed. 2d 277 (1991)). However, the Court's Order [131] held that Dr. Saunders was not entitled to qualified immunity on certain of the Plaintiff's § 1983 claims at the pleading stage. Discovery can proceed as to the remaining § 1983 claims even though the issue of qualified immunity may be revisited at the summary judgment stage or at trial. *See Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985) ("Even if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment *if discovery fails to uncover evidence* sufficient to create a genuine issue as to whether

the defendant in fact committed those acts.") (emphasis added); *Heitschmidt v. City of Houston*, 161 F.3d 834, 840 (5th Cir. 1998) (holding that "discovery can proceed on remand" after determining that the district court erred in granting the defendants' motion to dismiss based on qualified immunity); *cf. Watkins v. Hawley*, No. 4:12cv54, 2013 WL 3357703, at *1 (S.D. Miss. July 3, 2013) (ruling that a stay of all discovery pending resolution of the defendants' request for summary judgment based on qualified immunity was inappropriate).

The issue of qualified immunity aside, district courts possess "broad discretion in all discovery matters." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006) (citation omitted). A district judge may exercise that discretion to stay discovery upon a showing of "good cause" pursuant to Federal Rule of Civil Procedure 26(c)(1). *See Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990). The existence of a motion to dismiss favors a stay under Rule 26 where discovery is unnecessary to resolve the motion and the grant of the motion would dispose of the case, avoiding the effort and expense associated with discovery altogether. *See id.* at 435-36.

Dr. Saunders' request for the dismissal of the Plaintiff's state law causes of action fails to establish good cause for a stay of discovery. The grant of the Motion to Dismiss as to State Law Claims [100] will not dispose of the Plaintiff's federal claims against Dr. Saunders, or the Plaintiff's federal and state law claims against the other Defendants. It would be inefficient and imprudent to stay all discovery as to Dr. Saunders based on a motion that is not dispositive of her status as a party Defendant. Plaintiff's argument that Dr. Saunders "is a vital witness" in this case also suggests that

she may be exposed to discovery regardless of her party status.  (Pl.'s Mem. in Supp. of Resp. to Mot. for Stay of Disc. [110] at p. 7.)  As a result, the Court's resolution of Dr. Saunders' pending dismissal motion will not "preclude the need for the discovery altogether thus saving time and expense."  *Landry*, 901 F.2d at 436.

Furthermore, a stay of discovery pending resolution of Dr. Saunders' Motion to Dismiss as to State Law Claims [100] will almost certainly result in undue delay.  If the Court were to issue a stay and subsequently deny the dismissal motion, the resolution of the Plaintiff's federal and state law claims against Dr. Saunders, via summary judgment or trial, would be further delayed while the parties went back and conducted discovery on the claims.  Even if the Court dismissed the Plaintiff's state law claims, her remaining federal causes of action would likely necessitate some additional discovery.  The Court is not inclined to further delay proceedings by issuing an unnecessary stay given the length of time this action has been pending.  Accordingly, Dr. Saunders' Motion for Stay of Discovery [104] will be denied.

### **Plaintiff's Motion to Strike [112]**

Plaintiff argues that Dr. Saunders' Motion to Dismiss as to State Law Claims [100] should be stricken because it violates the Court's Local Uniform Civil Rules.  Plaintiff's argument focuses on Local Uniform Civil Rule 16.  The Rule states in pertinent part:

>   (3)   Immunity Defense or Jurisdictional Defense
>
>     (A)   A motion to compel arbitration, an immunity defense or a jurisdictional defense must be raised by a separate motion as expeditiously as practicable after service of process.  A motion asserting lack of jurisdiction must be filed at least seven days before the Case Management Conference or the movant will

>   be deemed to have waived the stay provision of subsection (B).
>
> (B) Filing a motion to compel arbitration, an immunity defense or jurisdictional defense motion stays the attorney conference and disclosure requirements and all discovery not related to the issue pending the court's ruling on the motion, including any appeal. Whether to permit discovery on issues related to a motion asserting an immunity defense or jurisdictional defense is a decision committed to the discretion of the court.

L.U.Civ.R. 16(b)(3)(A)-(B). Plaintiff contends that the subject motion is untimely because it was filed several months after she served the Amended Complaint [38].

Plaintiff's motion is not well taken. The portion of Dr. Saunders' dismissal motion stating that she is immune from all of the Plaintiff's state law claims under the Mississippi Tort Claims Act arguably falls under the scope of Rule 16. However, the Court finds nothing in the text of the Rule authorizing the Court to strike the motion based on untimeliness. Reading the above-quoted sections of the Rule *in toto*, the Court finds that the penalty for any late filing of an applicable motion is a waiver of the provision authorizing a stay of proceedings as to discovery and the attorney conference and disclosure requirements. The docket reflects that the parties served their initial disclosures and that counsel conferred in accordance with Federal Rule of Civil Procedure 26(f) several months ago. Further, a stay of discovery as to Dr. Saunders is not being entered for the reasons discussed in the previous section of this opinion. Therefore, enforcing the penalty provision of Local Uniform Civil Rule 16 at this stage of the litigation would amount to a nullity. The Court further notes that Dr. Saunders moved for the dismissal of the Plaintiff's state law claims within the deadline for "[a]ll

motions other than motions *in limine*" under the Case Management Order [12]. As a result, the Plaintiff's Motion to Strike [112] will be denied.

### Plaintiff's Motion to Stay Response [114]

The Plaintiff has responded in opposition to Dr. Saunders' Motion to Dismiss as to State Law Claims [100]. (*See* Doc. Nos. [115], [116].) As discussed above, the Plaintiff's Motion to Strike [112] will be denied. It necessarily follows that the Plaintiff's request for an extension of time to respond to Dr. Saunders' dismissal motion until the Court rules on the Motion to Strike should be denied as moot.

### Conclusion

IT IS THEREFORE ORDERED AND ADJUDGED that Dr. Saunders' Motion for Stay of Discovery [104] is denied.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff's Motion to Strike [112] is denied.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff's Motion to Stay Response [114] is denied as moot.

SO ORDERED AND ADJUDGED this the 3rd day of April, 2014.

                             *s/Keith Starrett*
                             UNITED STATES DISTRICT JUDGE