IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DIANE STARK**                                                                 **PLAINTIFF**

V.                                                              **CIVIL ACTION NO. 2:13cv31-KS-MTP**

**UNIVERSITY OF SOUTHERN MISSISSIPPI,
JEFF HAMMOND, INDIVIDUALLY AND OFFICIALLY,
DR. MARTHA SAUNDERS, INDIVIDUALLY AND OFFICIALLY;
BOARD OF TRUSTEES OF STATE INSTITUTIONS OF
HIGHER LEARNING**                                                       **DEFENDANTS**

## OPINION AND ORDER

This matter is before the Court on the Defendant Dr. Martha Saunders' Motion to Dismiss as to State Law Claims [100], Motion to Alter or Amend Judgment [137], and Motion to Strike [139]. For the reasons stated below, each motion will be denied.

## Background

Plaintiff Diane Stark asserts numerous federal and state law claims relating to her former employment with the University of Southern Mississippi ("USM") as the Senior Associate Athletics Director for Internal Affairs. Defendant Dr. Martha Saunders was the President of USM at certain times relevant to the Plaintiff's employment. Defendant Jeff Hammond was the Interim Athletics Director at certain times relevant to the Plaintiff's employment. The Defendant Board of Trustees of State Institutions of Higher Learning is charged with the management and control of Mississippi's state institutions of higher learning, such as USM, under Mississippi law. *See* Miss. Const. art. 8, § 213-A; Miss. Code Ann. § 37-101-1. Further background information regarding this dispute is contained in the Court's prior Orders. (*See* Doc. Nos. [80], [131], [135].)

**Motion to Alter or Amend Judgment [137]**

On March 25, 2014, the Court granted in part and denied in part Dr. Saunders' Motion to Dismiss [62], which sought the dismissal of all claims asserted against her in her individual capacity under Title 42 U.S.C. § 1983.  (*See* Mem. Op. & Order [131].) The following of the Plaintiff's claims were dismissed without prejudice:  (i) First Amendment retaliation claim; (ii) Equal Protection unequal pay claim; (iii) Procedural Due Process claim based on the existence of an alleged oral contract; (iv) Procedural Due Process claim based on *McArn v. Allied Bruce-Terminix Co.*, 626 So. 2d 603 (Miss. 1993); and (v) Substantive Due Process claim.  Plaintiff's Procedural Due Process claim based on USM's employee handbook and Equal Protection failure to promote claim survived past the pleading stage.  Nonetheless, the Court provided that Dr. Saunders could seek dismissal of these remaining claims at the summary stage or at trial.

Dr. Saunders now seeks reconsideration of the Court's refusal to dismiss Plaintiff's Equal Protection (failure to promote) and Procedural Due Process (employee handbook) claims pursuant to Federal Rule of Civil Procedure 59(e).  The Fifth Circuit has provided that Rule 59(e) governs a motion seeking reconsideration of a ruling when the motion is filed within twenty-eight days of judgment.  *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (citation omitted), *cert. denied*, 134 S. Ct. 57 (2013).  The Motion to Alter or Amend Judgment [137] was filed twenty-eight days after the entry of the subject Memorandum Opinion and Order [131].  Therefore, Rule 59(e) and its interpretive precedent will be applied.[1]

---

[1] The Court recognizes that Rule 59(e) is not technically applicable since no "judgment" has been entered in this cause.  However, this Court and others analyze

"[A]mending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy*, 702 F.3d at 182 (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).  Dr. Saunders' motion is limited to the third ground of the preceding standard.  With respect to this ground, the court has previously cautioned that the litigant "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant."  *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).  A Rule 59(e) motion is not a proper vehicle for raising arguments or legal theories that could have been presented prior to the entry of the challenged ruling.  *See Demahy*, 702 F.3d at 182 (citing *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008)).  "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000) (citation omitted).

Dr. Saunders has failed to evidence any manifest error of law or fact in the Court's Memorandum Opinion and Order [131].  Instead, Dr. Saunders' reconsideration motion presents points of disagreement with the Court's finding that certain of the

---

reconsideration motions under Rule 59(e) when they are filed within the 28-day deadline.  *See, e.g.*, *B & C Marine, LLC v. Cabiran*, No. 12-1015, 2013 WL 950562, at *1 (E.D. La. Mar. 11, 2013); *Garrison v. Tex. S. Univ.*, No. H-11-2368, 2013 WL 247028, at *1 (S.D. Tex. Jan. 22, 2013); *Insurasource, Inc. v. Fireman's Fund Ins. Co.*, No. 2:11cv82, 2012 WL 1365083, at *1-2 (S.D. Miss. Apr. 19, 2012).

Plaintiff's allegations pass scrutiny under Federal Rule of Civil Procedure 12(b)(6). Several of Dr. Saunders' arguments "could, and should, have been made before the judgment issued", and none require a departure from the Court's ruling.  *United Nat'l Ins. Co. v. Mundell Terminal Servs., Inc.*, 740 F.3d 1022, 1031 (5th Cir. 2014) (quoting *Advocare Int'l LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008)).  For instance, there was no error in the Court's consideration of a prima facie case of gender discrimination under Title VII in determining the adequacy of the Plaintiff's equal protection allegations under 42 U.S.C. § 1983 since Title VII and § 1983 are "parallel" avenues of recovery.[2]  Furthermore, the Court appropriately took notice of the Plaintiff's EEOC Charges of Discrimination in evaluating her claim of discrimination "based upon"[3] or "because of"[4] her gender since they are documents of public record and are referenced in the Complaint.[5]  The Court also considered whether the Plaintiff alleged facts as to Dr. Saunders' personal involvement in the purported constitutional violations

---

[2] *See, e.g.*, *Burton v. Ark. Sec'y of State*, 737 F.3d 1219, 1237 (8th Cir. 2013); *Smith v. Bray*, 681 F.3d 888, 899 (7th Cir. 2012); *Gaalla v. Brown*, 460 Fed. Appx. 469, 480 n.7 (5th Cir. 2012); *Swilley v. City of Houston*, 457 Fed. Appx. 400, 404 (5th Cir. 2012); *Adams v. Fulton County, Ga.*, 397 Fed. Appx. 611, 613 (11th Cir. 2010); *Young v. City of Syracuse Dep't of Public Works*, 307 Fed. Appx. 512, 514 (2d Cir. 2009); *Lauderdale v. Tex. Dep't of Criminal Justice, Institutional Div.*, 512 F.3d 157, 166 (5th Cir. 2007).

[3] (Am. Compl. [38] at ¶ 29.)

[4] (Doc. No. [87-2 at ECF p. 4].)

[5] *See, e.g.*, *Meyers v. Textron, Inc.*, 540 Fed. Appx. 408, 409 (5th Cir. 2013); *San Geronimo Caribe Project, Inc. v. Acevedo-Vila*, 687 F.3d 465, 471 n.2 (1st Cir. 2012); *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011); *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011); *Hicks v. Lingle*, 370 Fed. Appx. 497, 498 (5th Cir. 2010); *Sosa v. Hames*, 218 Fed. Appx. 976, 978 n.3 (11th Cir. 2007); *Amini v. Oberlin Coll.*, 259 F.3d 493, 502-03 (6th Cir. 2001).

since a supervisory official "cannot be held liable under § 1983 for the actions of subordinates on any theory of vicarious liability." *Hampton v. Oktibbeha County Sheriff Dep't*, 480 F.3d 358, 365 (5th Cir. 2007) (citing *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985)). As to certain claims, such as the Plaintiff's unequal pay allegation, the Complaint was found to be devoid of factual content leading to the reasonable inference that Dr. Saunders was personally involved in the alleged violation. As to the Equal Protection and Due Process claims still before the Court, the Plaintiff was found to have pled sufficient facts to support § 1983 individual liability. In short, Dr. Saunders' disagreements reveal no erroneous legal rulings and the Motion to Alter or Amend Judgment [137] will be denied.

## Motion to Dismiss as to State Law Claims [100]

This motion will be denied without prejudice. Dr. Saunders has recently moved for summary judgment on all of the Plaintiff's remaining claims asserted against her in her individual and official capacities. (*See* Doc. Nos. [166], [169].) In seeking summary judgment, Dr. Saunders incorporates by reference the grounds and arguments presented in her prior request for the dismissal of the Plaintiff's state law claims. The Court will consider the bases for dismissal presented in Dr. Saunders' Motion to Dismiss as to State Law Claims [100] in ruling on summary judgment.

## Motion to Strike [139]

This motion will be denied as moot. The motion is aimed at eight pages of deposition testimony attached as an exhibit to the Plaintiff's Reply [126] in support of her Motion to Strike Motion to Dismiss [112]. The Plaintiff's Motion to Strike Motion to Dismiss [112] was denied on April 3, 2014. (*See* Op. & Order [135].) To the extent the

subject deposition testimony relates to Dr. Saunders' Motion to Dismiss as to State Law Claims [100], that motion is being denied for the above-discussed reasons.

## Conclusion

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Alter or Amend Judgment [137] is denied.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Dismiss as to State Law Claims [100] is denied without prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Strike [139] is denied as moot.

SO ORDERED AND ADJUDGED this the 21st day of August, 2014

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE